### THOMPSON vs. FLOWER & AL.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner states, that in the beginning of the year 1820, the defendants being indebted to him, he drew a bill of exchange on them in favor of M'Lanahan & Bogart, for $5000, which bill was accepted, but on becoming due, was dishonored: that in consequence thereof, it was returned, and no part of it being yet paid, the defendants owe the sum mentioned with interest, damages, and costs.

The drawer of a bill of exchange, cannot recover against the acceptor, without proving that the interest of the payee is vested in him. And the circumstance of the indorsement being stricken out does not furnish proof of this fact.

The defendants pleaded the general issue, and want of consideration. The district court gave judgment against them, and they appealed.

East'n District.
*May*, 1823.

THOMPSON
*vs.*
FLOWER & AL.

There is a bill of exceptions to the decision of the judge, on applications for a continuance, and a commission to take testimony in the state of Maryland, on which it is not necessary to express any opinion; for admitting they were correctly refused, the evidence does not authorise us to affirm the judgment of the court below.

The bill produced on trial shows, that the defendants, by their acceptance, engaged to pay M'Lanahan & Bogart the amount therein mentioned, and the defendants insist that the legal interest in the draft, being on the face of it, vested in the payees, the plaintiffs cannot recover without showing that this interest has been transferred to them. On general principles, there is no doubt this position is correct, and the only question is, whether this case came within their operation. The plaintiff contends that it does not, and that it is sufficient for the drawer to prove, the acceptance of the bill by defendants, its protest for non payment, and its return. We have looked with great attention, but in vain, for any authority to support this exception. The rule, on the contrary, appears to be, that when the drawer of the bill sues the acceptor, he must establish that the bill was

East'n District.
*May*, 1823.

THOMPSCN
*vs.*
FLOWER & AL.

accepted, demand of payment of the drawee, and refusal, the return of the draft, and that it was paid by the plaintiff. 2 *Phillips*, 32. *Chitty on Bills*, 396. *Kyd on Bills*, 269. This rule, it is said, does not apply where the payee is merely agent for the drawer. Conceding that this doctrine is correct, the plaintiff's case is not in the least advanced by it; for it is neither alleged, nor proved, that M'Lanahan & Bogart were the agents of the drawer. The petition is entirely silent on that fact, and no evidence was offered of it. Are we authorised to presume it? We apprehend not: we might as well presume any other fact necessary to make out the plaintiff's right to recover.

It has however been urged that proof of this agency results from the circumstance of the indorsement of the payees being stricken off the bill. But why the one fact is to be inferred from the other, we are unable to see. We think on the contrary that endorsing it in their own names is rather an evidence of their having an interest in it. If this in itself be considered proof of agency, then every case where a bill had been negotiated and returned on the drawer with the name of the payee obliterated, would offer the same proof that the latter acted

as the agent of the former.  This would be go-ing quite too far.  On the whole, we think the case resolves itself into the narrow question.  Is the mere possession of a bill of exchange such evidence of a right to it, that the holder may sue for and recover the amount from the accep-tor ?  We think there cannot be a doubt that it is not.

It is therefore ordered, adjudged, and de-creed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendants, as in case of nonsuit, with costs in both courts.

*Duncan* for the plaintiff, *Livermore* for the defendants.